FRANCES McDONALD, Appellant, v. CLARKE COUNTY et al., Appellees.

**TAXATION:** Assessment—Relief From Excessive Assessment. Equity will not, because of the assessor's failure to give the owner *any* notice of the assessment, grant relief from an excessive valuation placed on property by the assessor.

*Appeal from Clarke District Court.*—P. C. WINTER, Judge.

OCTOBER 16, 1923.

SUIT in equity, for relief against an excessive valuation in the assessment of plaintiff's property. Such assessment was made without the knowledge of the plaintiff, and without the presentation to her of the assessment roll for her signature, and without any notice to her, written or otherwise, as required by statute. The defendant demurred to the petition. The demurrer being sustained, and the plaintiff electing to stand, judgment was entered against her for costs, and she appeals.— *Affirmed.*

O. M. *Slaymaker*, A. M. *Miller*, and R. E. *Killmar*, for appellant.

M. R. *Stansell*, County Attorney, for appellees.

EVANS, J.—According to the allegations of the petition, the assessed property was worth not to exceed $1,000, whereas it was assessed by the assessor at a valuation of $4,000. The assessor did not call upon the plaintiff, nor did he notify the plaintiff in any manner of the assessment. The plaintiff accordingly did not sign the assessment roll, nor did the assessor give her a written notice thereof, both as required by statute. Plaintiff did not discover the fact that she was thus assessed until after the meeting of the board of review, and until after the assessment had been returned to the auditor and entered upon his books. She applied to the auditor to correct the same, which correction the auditor first promised to make, and afterwards failed and neglected to do. Plaintiff recognized the assessment up to a valuation of $2,000, and paid the taxes assessed thereon to that extent.

The question presented by the demurrer was whether, under the allegations of the petition, the plaintiff was entitled to equitable relief. It is well settled by many decisions that the remedy provided by Section 1373, Code Supplement, 1913, for the correction of an erroneous assessment, is exclusive, and that an original action in equity will not lie. *Peterson v. Board of Review*, 138 Iowa 717; *Crawford v. Polk County*, 112 Iowa 118; *Smith v. City of Marshalltown*, 86 Iowa 516; *Powers v. Bowman*,

53 Iowa 359; *Nugent v. Bates,* 51 Iowa 77; *Macklot v. City of Davenport,* 17 Iowa 379; *Harris v. Fremont County,* 63 Iowa 639, 640.

It is equally well settled that equity will afford relief against a void assessment. *Warfield-Pratt-Howell Co. v. Averill Grocery Co.,* 119 Iowa 75; *Woodbine Sav. Bank v. Tyler,* 181 Iowa 1389.

It is also settled that equity will afford relief against an *illegal* assessment.

What the distinction is, as between an *illegal* assessment and a *void* one, and as between an illegal assessment and an *irregular* one, has never been definitely determined by our previous decisions, further than to hold that:

"The question as to what is a mere irregularity * * * is of such a character that each case must be determined upon its own peculiar facts and circumstances." *Capital City Gas Lt. Co. v. Charter Oak Ins. Co.,* 51 Iowa 31.

Whether an *illegal* assessment and a *void* one are synonymous terms, or whether illegality occupies a middle ground between the void and the irregular, is the question presented. The illegality relied on in this case by the plaintiff is the failure of the assessor to comply with certain specific requirements of the statute, in that he failed (1) to present to the plaintiff an assessment roll for signature, as required by statute, and (2) to give to her a written notice of the assessment made by him.

The mere fact, of itself, that the assessment is erroneous or excessive does not entitle the complainant to relief in equity. We have held, in effect, that the foregoing requirements of the statute are directory, rather than mandatory, and that the breach of these requirements does not, of itself, render an assessment void, *in the absence of actual prejudice. In re Estate of Kauffman,* 104 Iowa 639; *Nugent v. Bates,* 51 Iowa 77.

If such requirements were to be deemed mandatory, then a failure to comply therewith would render an assessment void, regardless of its equitable character as to valuation. These statutory requirements being thus deemed directory, the question remains: May the breach thereof by the assessor become, under any circumstances, an *illegality,* as distinguished from irregularity? In the *Kauffman* case, supra, we said:

"It is true that Section 1356 of the Code provides that the person assessed shall be informed in writing of the valuation placed upon his property, and that he may appear before the board of review, if aggrieved. This imposes a duty on the assessor. Its omission, however, will not invalidate the assessment. The owner is not prejudiced unless the valuation is excessive, or property is erroneously included. Mere irregularities *not resulting in injury* will not be permitted to defeat the collection of taxes justly due."

The argument of appellant is predicated upon the alleged implication in the foregoing quotation that, if the omission of a specific statutory duty of an assessor actually result in injury to the complainant, then equity will afford appropriate relief, and that such relief may be something less than to invalidate the entire assessment.

Though the language quoted carries somewhat the implication contended for, it was merely an argument for the defeat of the applicant. In that case, nothing affirmative was built upon it. It was, therefore, mere dictum. We think that the effect of our previous cases is to say that an illegal assessment is a void one, and that equity will, therefore, extend relief; that an irregular assessment is not void, and must be corrected in the method pointed out by the statute. Though it be true that the assessor failed in his directory duty to call upon the plaintiff and to take her signature to a list of the property, it is also true that the plaintiff failed in her duty to call upon the assessor and to list the property with him. She presumably knew that she was subject to assessment, and likewise knew the function of the board of review and the statutory requirements as to its time of meeting. She presumably knew, therefore, that the assessor had made an assessment, or else she believed that he had not. If the latter, her violation of the duty became more flagrant. By such failure on her part, she created the situation that now operates as a hardship upon her. We see no way, under the law, to extend to her other relief than that provided by the statute. For the reason indicated, the order and judgment of the trial court must be affirmed.—*Affirmed.*

Preston, C. J., Stevens and Arthur, JJ., concur.

' FAVILLE, J.` (specially concurring). I concur because I think that the case is governed by our former holdings. My views on the general question involved are expressed in *Manning v. City of Ames*, 192 Iowa 998.