KOCH *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—TAXATION—POWERS OF COUNCIL TO ADD PROPERTY TO ASSESSMENT ROLLS—DETROIT CHARTER.

> The provision of the Detroit city charter (part 6, chap. 2, § 6) authorizing the common council to place on the assessment rolls the names of any persons and the descriptions of any property not already assessed, and assess the same, did not authorize it to assess property not annexed to the city until after the period fixed in the charter for a hearing before the board of assessors had expired, thus depriving the taxpayers of the opportunity to be heard in regard thereto.

2. TAXATION—NOT NECESSARY TO APPEAL TO TAX COMMISSIONERS
   FROM INVALID ASSESSMENT BEFORE APPLYING TO COURTS FOR
   RELIEF.

> Where the assessment of plaintiff's property in the city
> of Detroit for a certain year was invalid because it was
> not annexed to the city until too late to make a valid
> assessment under the city charter, it was not necessary for
> plaintiff to appeal to the board of tax commissioners under
> 1 Comp. Laws 1915, § 4151, as amended by Act No. 265,
> Pub. Acts 1921 before applying to the courts for relief.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted June 15, 1926.    (Docket No. 106.)    De-
cided October 4, 1926.

Bill by Jacob Koch against the city of Detroit and
another to enjoin the collection of an assessment.
From a decree for plaintiff, defendants appeal.    Af-
firmed.

*Austin & Newman,* for plaintiff.

*Walter Barlow* (*Charles P. O'Neil,* of counsel), for
defendants.

SNOW, J.    Real estate in Redford township, Wayne
county, Michigan, owned by the plaintiff, together with
other portions of Redford and Dearborn townships,
were lawfully annexed to the city of Detroit at an
election held April 6, 1925, which city thereupon at-
tempted to assess them for taxes for that year.    Plain-
tiff filed his bill in chancery, praying that such assess-
ment of the property so attached be decreed void, and
that the city of Detroit and its officers be restrained
from levying or collecting any taxes under said assess-
ment.    From a decree granting this relief, the de-
fendants appeal.

The charter of the city creates a board of assessors,
and among other things provides that this board shall

Taxation, 37 Cyc. 990, 1269.

assess all property liable to assessments for the purpose of levying the taxes lawfully imposed thereon, and that it shall make out and complete, prior to the 1st day of April in each year, the assessment rolls covering that property. It also provides that notice that the assessment rolls will be completed on April 1st shall be given by publication, and that any person aggrieved by reason of any assessment may make complaint and have a hearing thereon before the board of assessors, which shall review the assessment complained of, and it is empowered to alter or correct it as to the person charged and the estimated value. Upon completion of this review and correction, on the third Tuesday in April, it further provides, the rolls shall be returned to the common council of the city. The council shall then hear and determine all appeals, dispose of them, and finally confirm the rolls, which shall be the basis, according to property value, of the taxes to be levied and collected. The charter further provides that, after the confirmation of the rolls, the board of assessors shall cause the amount of all taxes in dollars and cents to be ratably assessed, and shall deliver the rolls to the controller, who in turn shall deliver them to the treasurer, on the 1st day of July, for collection of the tax.

These provisions of the charter were all complied with in 1925, but plaintiff's property and the other portions of the annexed townships were not placed upon the assessment rolls until May 7th, when they were added by the common council, and on the same day the council confirmed the rolls and returned them to the board of assessors as provided by charter.

Authority of the common council to add this property is claimed by the city to be given it by its charter, which provides:

"The council or committee shall hear and determine all appeals in a summary manner and correct any errors which they may discover in the assessment rolls;

*shall place thereon the names of any persons and the descriptions of any property not already assessed, and assess the same;* and may increase or diminish any assessment as they may see fit:  *Provided,* That the council or such committee shall not increase any assessment without giving a reasonable opportunity to persons, owning or having charge of the same, if known, to appear and object thereto." * * * Detroit Charter, pt. 6, chap. 2, § 6.

The annexation to the city of the territory here involved did not become effective until April 23d, when the certificate of the board of canvassers was filed with the secretary of State, and at that time the board of assessors had completed its review and correction of the rolls, and had signed and turned them over to the common council; this having been done as provided by charter on the 21st of April.

The question involved is the right of the city to assess the plaintiff's property and other annexed territory for 1925, subsequent to April 1st of that year and after the tax rolls had been delivered by the board of assessors to the common council, when such property in fact had not become a part of the city by annexation until April 23d of said year.

The notice that the rolls would be completed on April 1st (given by the city clerk in compliance with the charter) contained a warning to all taxpayers that if dissatisfied with their assessments they would be heard before the board of assessors from April 1st to the third Tuesday in April, and after that on appeal to the common council which would conduct hearings between April 22d and May 7th of said year.  The taxpayers were urged in this notice not to neglect their rights, but to take advantage of what the law permitted relative to any complaint they might care to make.

Plaintiff's property was not in the city of Detroit when this notice was given.  In fact the vote on the

question of annexation had not been then taken. He would not be called upon or expected to pay any attention to the assessment of his property in the city of Detroit until it became a part thereof, which was not until April 23d, at which time the rolls had been signed by the board of assessors and delivered to the council. No attempt was made to assess his property in the city until the last day the council had the rolls, upon which day they had to be and were returned to the board of assessors.

Does the charter permit the assessment of plaintiff's property under such circumstances, without giving him any opportunity to be heard in regard thereto? While it permits names of persons and descriptions of property not already assessed to be placed on the rolls by the council, it at the same time prohibits the increasing of assessments, without giving opportunity to the owners of the property to appear and make objection. This being the first time a valuation is placed upon plaintiff's land as urban property, the same reason exists for an opportunity to be heard on the same as would exist if an attempt had been made to increase values on property already assessed. See *Barrus* v. *Engel*, 186 Mich. 540. We are not impressed that the provision of the charter above referred to, giving authority to the council to place on the rolls the "names of any persons and descriptions of any property not already assessed," confers the right to add property which was in law nonassessable on the preceding April 1st when the rolls were completed. Such provision has reference only to property which should have been assessed, but for some reason, either from intention, mistake, oversight, or other cause, had been omitted from the rolls by the board of assessors. It could not concern property which was not even within the city when the original rolls were completed. To hold otherwise would be

to deprive plaintiff of the rights and remedies accorded taxpayers in the city, and to permit an assessment not in compliance with the provisions of the charter.   This may not be done.     *Avery* v. *East Saginaw*, 44 Mich. 587; *Common Council of Three Rivers* v. *Smith*, 99 Mich. 507; *Maurer* v. *Cliff*, 94 Mich. 194; *Township of Hampton* v. *Wespinter*, 185 Mich. 29; *Auditor General* v. *Calkins*, 136 Mich. 1.

Defendants refer to *Petoskey & Bay Shore Gas Co.* v. *City of Petoskey*, 162 Mich. 447, as authority for the right to assess the property in question.   This opinion holds only that the city board of equalization of Petoskey could increase the valuation of property assessed in its jurisdiction on its own motion and without notice to the taxpayer, because the statute creating the board gave it direct authority for so doing, and, as stated in the opinion, "makes no provision for any notice other than the general notice which the statute gives, and that given by the clerk generally." In this case, too, an assessment of plaintiff's property was legally made by the assessor in the first instance, and the board of equalization simply exercised its statutory authority and increased it.   In the instant case plaintiff's property was not subject to assessment at all until most of the necessary steps to make a valid assessment had been taken, thus depriving him of all rights afforded him by law during the taking of those steps.   No lawful rights were denied plaintiff in the *Petoskey Case, supra.*   An examination of other citations in defendants' brief does not convince us that they are authority for the validity of the assessment in the case at bar.

But defendants further contend that plaintiff may not apply for relief to the courts until he has exhausted his statutory remedy permitting an appeal to the board of State tax commissioners.   Section 4151, 1 Comp. Laws 1915, as amended by Act No. 265, Pub.

Acts 1921 (Comp. Laws Supp. 1922, § 4151). It was not necessary that plaintiff appeal from the assessment attempted by the common council, as we are constrained to hold such assessment invalid because of the failure to follow the procedure provided by the charter of the city of Detroit, and the lack of jurisdiction of the city to levy or collect the tax. *Greilick* v. *Traverse City*, 231 Mich. 699.

Irregularity of the assessment involved in the instant case is not in question, and the statute with reference thereto (1 Comp. Laws 1915, § 4098) is without application. The question here involved is the right, under the existing facts, to levy in 1925 any assessment at all. We hold that the city was without such jurisdiction, that the attempted assessment was prejudicial to the rights of all owners of the annexed real estate, and that it is void.

Other objections to the invalidity of the assessment are raised, but their discussion is deemed unnecessary. We are not asked, nor do we pass upon, what authority the city of Detroit may have to reassess this property and levy and collect taxes for the year 1925.

The decree will be affirmed, with costs to appellee.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.