**264 P.2d 1027**

**SECURITY ABSTRACT & TITLE CO.**

v.

**LEONARDSON et al.**

No. 7941.

Supreme Court of Idaho.

Dec. 23, 1953.

Davison & Davison and R. H. Copple, Boise, for appellant.

J. N. Leggat, Asst. Atty. Gen., Blaine F. Evans, Pros. Atty., J. Charles Blanton, Dep. Pros. Atty., Boise, for respondents.

Richards, Haga & Eberle, Boise, amici curiae.

KEETON, Justice.

Appellant, an Idaho corporation, doing business as a title insurance company sought in a proceeding in the district court to enjoin the assessor of Ada County and its sheriff from collecting an ad valorem tax levied for the year 1951 on appellant's tract indexes and records used in the business in which it is engaged. Appellant had paid taxes for the year upon its premiums for the business written under the provisions of Sec. 41–2806, I.C.,[1] 1947 S. L. Ch. 249, Sec. 6.

Appellant claims that the premium tax of one per cent so paid is in lieu of all other property taxes assessable against it, and that its books, records and equipment used in conducting its business are not subject to an ad valorem tax in addition to its premium taxes paid.

Prior to the enactment of Sec. 41–2806, I.C., Ch. 249, 1947 S.L., when the Legisla-

1. "(a) Every title insurance company licensed to transact business in this state shall annually on or before the first day of March file with the commissioner of insurance a statement, under oath, showing the amount of the net premiums or deposits received on risks situated in this state during the year ending December 31 next preceding, and pay to the commissioner a tax of one per cent on the

ture originally provided for regulations of title insurance companies, Ch. 117, 1945 S. L. Sec. 6 of said act exempted title insurance companies from the annual tax on premiums covering other insurance companies. Taxes levied against such title insurance companies for the years 1945 and 1946 were assessed in accordance with the general laws relating to taxation, Ch. 117, 1945 S.L., Sec. 6.[2]

In 1947 the title insurance act, Ch. 117, 1945 S.L., was amended by Ch. 249, 1947 S.L. Sec. 6 of the prior act (1945) was amended by Sec. 6, Ch. 249, 1947 S.L., page 663, now Sec. 41–2806, I.C.

In the same session of the Legislature, prior to the passage of Ch. 249, 1947 S.L. above, the Legislature passed Ch. 50, now Sec. 41–804, I.C.,[3] which among other things provides that title insurance companies shall pay, together with other in-

surance companies, a tax of three per cent on the amount of gross premiums collected in excess of premiums and cancelations returned to policyholders.

Sec. 41–2806, I.C. taxing title insurance companies one per cent does not say that this tax shall be in lieu of other personal property taxes; and it is the contention of respondents that in addition to the one per cent tax paid under the provisions of Ch. 249, 1947 S.L., Sec. 41–2806, I.C., the county has the right to assess an ad valorem tax against the personal property of appellant used in its business. It plainly appears that Sec. 41–2806, I.C. is in conflict with Sec. 41–804, I.C.

█ While the general insurance act relative to taxation of insurance companies, Sec. 41–804, et seq. I.C., specifically provides in Sec. 41–806, I.C.[4] that the premium tax paid under the provisions of Sec.

amount of such net premiums or deposits or dues in excess of premiums or deposits or dues returned to insureds or credited to their accounts. * * * "

2. "Every such company engaged wholly or in part in said business of insuring or guaranteeing the owners or encumbrancers of property against loss as hereinbefore specified, shall be taxed in accordance with the general laws relating to taxation in this state, but shall be exempt from the annual tax as defined in Section 40–803, Idaho Code Annotated, as amended * * *."

3. "All insurance companies licensed to transact business in this State in one or more of the classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of chapter 3 of this title shall file with the department of insurance annually on or before the first day of March of each year, a statement,

under oath, showing the amount of all gross premiums received by said company on risks in this state during the year ending December thirty-first next preceding, and shall pay to the department a tax of three per cent, on the amount of such gross premiums collected in excess of premiums and cancelations returned to such policyholders. Provided, however, that only such companies licensed to transact business in class 3 may in computing the gross premiums also deduct the amount of dividends and coupons paid to policyholders. * * * "

4. "Within thirty days thereafter such insurance companies shall pay or cause to be paid to the department of insurance the tax herein required, which payment of tax when made shall be in lieu of all other taxes upon premiums and upon the personal property of such companies and

41–804, I.C. shall be in lieu of all other taxes except real estate; Sec. 41–2806, I.C. assessing title insurance companies one per cent does not so provide.

■ Respondents argue that appellant should have proceeded under Secs. 63–401, I.C., 63–2210, I.C., as amended, 1951 S.L. Ch. 81, page 150 and 63–2214, I.C., for which reason, they contend this action cannot be maintained. The question here presented is not the equalization of a valid tax levied, nor whether appellant is or is not exempt from taxation.

■ If the respondent assessor had no authority under the conditions presented, and complained of, to make an ad valorem assessment against appellant's property, then the tax is void and can be challenged in the manner here done. Equity can afford relief against a void or illegal assessment. The procedure provided by law for the correction of an erroneous or excessive assessment is not involved. Oregon Short Line v. Ada County, D.C., 18 F.Supp. 842; Ada County v. Oregon Short Line R. Co., 9 Cir., 97 F.2d 666; Nelssen v. Elec. Dist. No. 4, 60 Ariz. 175, 133 P.2d 1013; McDonald v. Clarke County, 196 Iowa 646, 195 N.W. 189; Hutchinson v. City of Omaha, 52 Neb. 345, 72 N.W. 218; Koch v. City of Detroit, 236 Mich. 338, 210 N.W. 239; Chicago M. St. P. & P. Rd. Co. v. Kootenai County, 33 Idaho 234, 192 P. 562.

Appellant does not claim it is exempt from taxation and the question here presented is whether the tax appellant pays on the premiums under Sec. 41–2806 I.C. is in lieu of other personal property taxes, that is, must appellant pay the premium tax and the ad valorem tax in addition?

Unless we apply the general provisions relative to the taxing of all personal property, there is no provision which provides for an ad valorem tax against appellant's property.

■ The original provision for taxing title insurance companies on an ad valorem basis, the same as other personal property in the state was amended by Sec. 6, Ch. 249, 1947 S.L., now Sec. 41–2806, I.C., and at the time the assessment here challenged was made had not been re-enacted. The above section, Sec. 41–2806, I.C., must be construed in conjunction with the tax pattern adopted by the Legislature for taxing insurance companies. If it was the intention of the Legislature to tax the title insurance companies on a premium basis, in addition to an ad valorem tax, it certainly did not say so. On the other hand it substituted a premium tax for the previous ad valorem tax.

Construing the section providing for the one per cent tax on insurance premiums, Sec. 41–2806, I.C., with the general insurance act which provides that the premium

the shares of stock or assets thereof: provided, that all real property, if any, of such company, shall be listed, assessed and taxed the same as real property of like character of individuals."

tax shall be in lieu of other taxes, Sec. 41–806, I.C., and there being no provision of law for assessing title insurance companies an additional ad valorem tax, and the ad valorem tax provision, Sec. 6, Ch. 117, 1945 S.L., having been superseded by Sec. 41–2806, I.C., we conclude that the one per cent tax on its premiums paid by appellant was intended to be in lieu of personal property ad valorem tax.

This construction is strengthened by Sec. 41–804, I.C. taxing all insurance companies, which makes provision, under certain circumstances, for the premium tax to be computed at one per cent instead of three per cent.

■ General provisions of statutes which relate to all insurance companies apply to title insurance companies where not in conflict or covered by specific legislative act, and Sec. 41–806, I.C. must be construed in pari materia with Sec. 41–2806, I.C.

There being no provision in the code specifically taxing a title insurance company on an ad valorem basis, in addition to the one per cent premium tax, we conclude that the premium tax is in lieu of other personal property taxes. Hence the judgment is reversed. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.