790 P.2d 366

**CRANE CREEK COUNTRY CLUB, a non-profit organization, Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION, Defendant–Respondent.**

No. 18059.

Supreme Court of Idaho.

April 19, 1990.

Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for plaintiff-appellant. James G. Reid argued.

Jim Jones, Atty. Gen., Larry M. Dunn, Deputy Atty. Gen. (argued), Boise, for defendant-respondent.

JOHNSON, Justice.

This is a sales tax case. The primary issue presented is whether a taxpayer is required to exhaust administrative procedures of the Idaho State Tax Commission before bringing an action in district court for a declaratory judgment. The taxpayer in this case sued for declarations that the Idaho Sales Tax Act does not apply to certain transactions of the taxpayer and that a regulation of the Tax Commission imposing a sales tax on these transactions is beyond the authorization of the law. We hold that the taxpayer here is not required to exhaust administrative procedures of the Tax Commission before bringing the action for declaratory judgment.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

In 1965 our legislature enacted the Idaho Sales Tax Act (codified at I.C. § 63–3601 to 3638A (1989)). Subsequently, the Tax Commission promulgated a regulation (the regulation), stating that charges for membership dues or other fees required to be paid to golf clubs, racquet clubs, swim clubs, health clubs, or other clubs and organizations of a similar nature are subject to sales tax.

Crane Creek operates a country club that includes a club house with dining facilities and meeting rooms, a golf course, tennis courts, and a swimming pool. Crane Creek filed the complaint in this action requesting a declaratory judgment that the Sales Tax Act does not apply to Crane Creek's initial membership fee or to its regular assessments and that the regulation is not authorized by the Sales Tax Act. The complaint alleged, among other things, that: (1) the Tax Commission had ruled that the regulation applied to the initial membership fee and to the regular assessments charged by Hillcrest Country Club, Inc., another country club with similar facilities to those of Crane Creek, (2) Crane Creek had been informed that its initial membership fee and regular assessments were also subject to the Sales Tax Act by virtue of the regulation and that the regulation would be enforced against Crane Creek, and (3) the proposed application of the Sales Tax Act and the regulation to Crane Creek would cause Crane Creek unusual hardship and irreparable harm.

Pursuant to I.R.C.P. 12(b) the Tax Commission moved to dismiss Crane Creek's action on the grounds that (1) the complaint failed to state a claim upon which relief could be granted, (2) the trial court lacked jurisdiction because Crane Creek had not exhausted its administrative remedies, and (3) the relief sought by Crane Creek was not a proper subject for declaratory relief. The trial court denied this motion, concluding that a declaratory judgment was warranted in this case and that it was not necessary for Crane Creek to exhaust administrative remedies.

The Tax Commission filed a motion asking the trial court to reconsider its denial of the motion to dismiss on the basis that the action was premature. On reconsideration the trial court granted the motion to dismiss, ruling that exhaustion of administrative remedies was required and that the requirement was too critical to be circumvented. Crane Creek has appealed from the trial court's dismissal of the complaint.

## II.

### CRANE CREEK WAS NOT REQUIRED TO EXHAUST THE ADMINISTRATIVE PROCEDURES OF THE TAX COMMISSION BEFORE BRINGING AN ACTION FOR DECLARATORY JUDGMENT.

Crane Creek asserts that it was not required to exhaust the administrative proce-

dures of the Tax Commission before bringing this action. We agree.

By making its motion to dismiss under I.R.C.P. 12(b), the Tax Commission admitted the truth of the facts alleged in Crane Creek's complaint and all inferences reasonably drawn from those allegations. All of the facts alleged must be considered in a light most favorable to Crane Creek. Doubts must be resolved in favor of the survival of the complaint. The complaint should not be dismissed unless it appears that Crane Creek can prove no set of facts that would entitle it to relief. *Service Employees Int'l Local 6 v. Idaho Dep't of Health & Welfare,* 106 Idaho 756, 758, 683 P.2d 404, 406 (1984).

We find the issue here to be very similar to that presented in *Sierra Life Insurance Co. v. Granata,* 99 Idaho 624, 586 P.2d 1068 (1978). There, the trial court had dismissed a complaint for declaratory judgment and for injunctive relief to prevent the Idaho Director of Insurance from conducting an examination of an insurance company. The insurance company alleged that the proposed examination was unlawful and would cause the company irreparable harm. We concluded that the claims presented by the company involved issues that could be appropriately determined in a declaratory judgment action. In the course of our discussion of the issues, we rejected the defense of exhaustion of administrative remedies as depriving the trial court of jurisdiction over the action. *Id.* at 628, 586 P.2d at 1072. Similarly, in this case we hold that the trial court had jurisdiction over the subject matter of this action. Here, Crane Creek alleged unlawful action and irreparable harm and was entitled to pursue its action for declaratory judgment.

Our decision on this issue is not at odds with *V–1 Oil Co. v. County of Bannock,* 97 Idaho 807, 554 P.2d 1304 (1976). In *V–1 Oil* we affirmed the dismissal of a complaint seeking a declaratory judgment that actions of the board of county commissioners relating to ad valorem taxes were illegal. We noted: "Actions for declaratory judgment are not intended as a substitute for a statutory procedure and such admin-

istrative remedies must be exhausted." *Id.* at 810, 554 P.2d at 1307. We then distinguished *Security Abstract & Title Co. v. Leonardson,* 74 Idaho 528, 264 P.2d 1027 (1953).

In *Security Abstract* a title insurance company sued to enjoin the county assessor and sheriff from collecting an ad valorem tax on indexes and records used in the business on the ground that the tax was not applicable. The assessor and sheriff argued that the taxpayer should have proceeded under statutes that allowed equalization of a valid tax levied or exemption from taxation. We rejected this argument and said:

If the respondent assessor had no authority under the conditions presented, and complained of, to make an ad valorem assessment against appellant's property, then the tax is void and can be challenged in the manner here done. Equity can afford relief against a void or illegal assessment. The procedure provided by law for the correction of an erroneous or excessive assessment is not involved.

*Id.* at 531, 264 P.2d at 1028–29.

Here, the administrative procedures that the Tax Commission has contended provide remedies for Crane Creek are as inapplicable as the procedures were in *Security Abstract.* The trial court recited the procedures that contained the administrative remedies that Crane Creek should have exhausted:

Idaho has a fairly extensive statutory scheme for the assessment and collection of sales taxes. I.C. 63–3601 et. seq. The Idaho State Tax Commission is charged with the responsibility to administer the sales tax law and has the power, if it is not satisfied with a sales tax return, to perform an audit and determine the amount of any deficiency which may be due for one or more periods. I.C. 63–3629. It must give notice if it finds any deficiency and the person against whom the deficiency is asserted may request a redetermination and may also appeal the decision to the Board of Tax Appeals or the district court. I.C. 63–3629, 3631 and

**588**

3632. Prior to an appeal to district court, the aggrieved party must pay any deficiency and any penalties or interest assessed or file an adequate bond. I.C. 63–3049. Compliance with the statutory procedure is mandatory for an appeal to district court.

None of these procedures would provide any relief to Crane Creek here. No deficiency has been determined by the Tax Commission. The issue Crane Creek raises is not the amount of tax due, but whether any tax may be assessed on the transactions alleged in its complaint.

The inapplicability of the procedures invoked by the Tax Commission here is similar to that of the procedure at issue in *Harris v. Cassia County*, 106 Idaho 513, 519, 681 P.2d 988, 994 (1984). There, indigents sought a declaratory judgment declaring that the county and its commission had an obligation to continue to provide aid to them, regardless of whether the county indigent fund had been depleted. The county asserted that the dismissal of the complaint by the trial court was justified because the indigents had failed to exhaust the administrative remedy provided by statute where an application for indigency aid had been denied. We pointed out in *Harris* that this remedy was not applicable because the county had neither refused nor denied an application for indigency aid. What the county had done was to notify local pharmacies that due to the depletion of the indigency fund, the county would be unable to pay for any more drugs or nursing home care until the next fiscal year. We held that the contest by the indigents of the attempted termination of county assistance did not require them to exhaust the remedy in the statute as a jurisdictional prerequisite to maintaining the case.

Here, the Tax Commission did not assess a deficiency, but only indicated its intent to apply the Sales Tax Act and the regulation to Crane Creek's initial membership fees and regular assessments. The procedures for requesting a redetermination or paying any deficiency, penalty and interest are not procedures that would give Crane Creek the relief it seeks.

III.

CONCLUSION.

We vacate the order dismissing the complaint and remand the case to the trial court for further proceedings.

We conclude that the Tax Commission did not act without a reasonable basis in fact or law and, therefore, award no costs. I.C. § 12–117 (Supp.1989).

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.