841 P.2d 410

**CRANE CREEK COUNTRY CLUB,
a non-profit organization,
Plaintiff-Appellant,**

v.

**IDAHO STATE TAX COMMISSION,
Defendant-Respondent.**

No. 19081.

Supreme Court of Idaho,
Boise, January 1992 Term.

Oct. 21, 1992.

Rehearing Denied Dec. 10, 1992.

Ringert, Clark, Chartered, Boise, for appellant. James G. Reid, argued.

Larry EchoHawk, Atty. Gen., Larry M. Dunn, Deputy Atty. Gen., argued, Boise, for respondent.

1992 OPINION NO. 44, FILED MARCH 20, 1992, IS HEREBY WITHDRAWN, AND THIS OPINION IS SUBSTITUTED THEREFOR.

ON DENIAL OF PETITION
FOR REHEARING

BAKES, Chief Justice.

Appellant Crane Creek Country Club appeals from the district court's decision to grant summary judgment in favor of the Idaho State Tax Commission. The district court held that, pursuant to I.C. § 63-3612(f), initiation fees, membership dues, assessments and unused dining minimums which Crane Creek charges its members are subject to state sales tax.

Crane Creek Country Club, a non-profit organization, charges its members initiation fees and annual dues, payable monthly, which are used to pay operation and overhead costs. Crane Creek also charges an assessment for the repair, replacement, or additions to the building and for improvements to the club; presently, the assessment is charged to repay a mortgage debt incurred to remodel the clubhouse. All members are also required to pay the unused portion of the dining room minimum of $75 per quarter, to offset the revenue deficit resulting from its dining operations.

On July 26, 1988, Crane Creek brought an action for declaratory judgment and injunctive relief against the Idaho State Tax Commission, seeking a determination of whether Crane Creek was required to pay sales tax on the initiation fees, membership dues and assessments it charges its members. The district court originally dismissed the case for failure to exhaust administrative remedies, but on appeal the Supreme Court reversed the district court's decision and remanded the case for trial. *Crane Creek Country Club v. Idaho State Tax Commission,* 117 Idaho 585, 790 P.2d 366 (1990). Prior to trial, and in a separate action, Crane Creek filed a claim for a refund of the sales tax it had already paid. The original complaint for declaratory re-

lief and the new action for a tax refund were consolidated before trial, and each side filed a motion for summary judgment.

The district court found in favor of the Commission, holding that the payments Crane Creek charged its members were sales within the meaning of I.C. § 63–3612(f) and are thus subject to sales tax under the Idaho Sales Tax Act, I.C. § 63–3601 *et seq.* Crane Creek appealed the district court decision. We affirm.

I.C. § 63–3619 imposes a sales tax on all sales at retail. I.C. § 63–3609 defines a "retail sale" as "a sale of tangible personal property for any purpose other than resale of that property in the regular course of business...." I.C. § 63–3612 defines a sale as "any transfer of title, exchange or barter ... of tangible personal property for a consideration," and includes as a sale, in subsection (f), "[r]eceipts from the use of or the privilege of using tangible personal property or other facilities for recreational purposes." After reviewing these statutes, the district court concluded:

> It is clear that I.C. § 63–3612(f) draws within the meaning of "sale" receipts from two sources: (1) receipts from the use of facilities for recreational purposes; and (2) receipts from the privilege of using facilities for recreational purposes. Thus, under the plain language of the statute, and contrary to Crane Creek's assertion, the fact that the fees, assessments, minimums and dues are payable regardless of whether the member actually uses the facilities is simply not relevant; the first source of the receipts in I.C. § 63–3612(f) contemplates actual use, while the second source contemplates the *ability* to use without regard to actual use. (Emphasis in original.)

We agree with the district court's analysis. I.C. § 63–3612(f), by its express terms, specifically provides that "receipts from *the use of or privilege of using*" recreational facilities is taxable. Thus, as the district court concluded, whether a member actually uses the facilities is irrelevant.[1]

Crane Creek argues that the primary purpose of the initiation fees, membership dues and assessments it charges its members is not for the procurement of the use of the facility, but is actually used to support the social aspects of the club, to retain membership, and to pay for construction, repairs, and improvements to the property. Crane Creek's argument that I.C. § 63–3612(f) does not apply to these charges is not persuasive. As the district court stated:

> Crane Creek argues that because the fees and assessments are charged "wholly for the purpose of paying the expenses of conduct club affairs," ... or, to put it another way, "to meet operating and overhead costs," ... the payments are not receipts for the privilege of using the facilities, and are therefore not subject to the sales tax. This argument is without merit, for under the plain language of the statute the relevant inquiry in determining the taxability of the event is the quid pro quo between the remitter and the recipient, not the ultimate use to which the recipient applies the receipts. It is clear that what the Crane Creek member receives for their payment is the privilege to use the Crane Creek facilities, as Crane Creek's own Bylaws provide that nonpayment results in an automatic suspension of membership and forfeiture of all rights to use Crane Creek facilities.

Again, we agree with the district court's analysis.

---

1. Our reading of the express terms of the statute is supported the House Revenue and Taxation Committee report issued in support of House Bill 222, which eventually became the Idaho Sales Tax Act. That report specifically stated:

> Section 12(f). Charges for bowling, green fees or membership dues paid to golf clubs, or any charge of membership fee, the primary purpose of which is to procure the use of a particular facility or building for purpose of recreation, are here covered.

This language clearly expresses the committee's view that House Bill 222 was intended to cover the initiation fees, assessments, and membership dues paid to golf clubs within the definition of "sale" in I.C. § 63–3612(f).

In further support of its argument, Crane Creek relies heavily on *Northland Country Club v. Commissioner of Taxation,* 308 Minn. 265, 241 N.W.2d 806 (1976), in which the Minnesota Supreme Court held that, under the Minnesota statutes, membership dues and initiation fees were not subject to Minnesota state sales tax. The district court distinguished the *Northland* case, concluding:

> While *Northland Country Club* did in fact hold that country club membership dues were not subject to the Minnesota sales and use tax in the absence of statutory language making them so, the reasoning of that case is not persuasive when applied to the instant case. Under the Minnesota statute, "sale" included the "privilege of use of amusement devices," and the Minnesota Supreme Court interpreted the statute to require actual *use* of the "amusement device" (after assuming that facilities such as tennis courts, golf courses, and swimming pools were "amusement devices"). *See Northland Country Club,* 241 N.W.2d at 808; *see also Fridley Recreation & Service Co. v. Commissioner of Taxation* [292 Minn. 260], 194 N.W.2d 584 (Minn.1972) (bowling fees based upon actual use of equipment such as automatic pinsetters were subject to sales tax). *However, as explained above, our statute speaks both to actual use and the privilege to use; thus, the ambiguity analysis and holding of Northland Country Club are not applicable to the present case.*

As the district court aptly pointed out, I.C. § 63–3612(f) taxes revenue from two sources: "[T]he first source of the receipts in I.C. § 63–3612(f) contemplates actual use, while the second source contemplates the *ability* to use without regard to actual use." (Emphasis in district court opinion.) Since I.C. § 63–3612(f) taxes payments made to a golf club or organization for both actual use *and* the privilege of using the facilities, *Northland* is not applicable.

We affirm the district court's ruling that the membership dues, initiation fees, assessments, and unused dining minimums are subject to state sales tax pursuant to I.C. § 63–3612(f) and regulation Idapa 35.-02.12,6(c). Costs to respondent. No attorney fees awarded.

BISTLINE and McDEVITT, JJ., concur.

BOYLE, J., who sat in the original hearing in this matter, did not participate in the decision on denial of rehearing due to his resignation on March 31, 1992.

JOHNSON, Justice, dissenting.

Although I concurred in the original opinion in this case, I was impressed by the portion of appellant's petition for rehearing that asserted that the Court was incorrect in relying upon legislative history of the Idaho Sales Tax Act as a method of construing a statute that purports to impose a tax. Appellant pointed out that the Court's use of legislative history indicated the Court's acknowledgement that the statute is ambiguous and that ordinarily ambiguities must be resolved in favor of the taxpayer. While I was not totally persuaded by this argument, I did vote for rehearing.

Rather than granting a rehearing, however, the Court has merely edited the opinion to delete reference to the legislative history included in the original opinion. The result of the new opinion is the same as the result in the original opinion. I am not able to exclude from my consideration of the merits of the appeal the rationale in the original opinion based on the legislative history. Therefore, I would grant rehearing.