# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38378

ISMAEL CHAVEZ and DELORES
MERCADO,

    Petitioners-Appellants-Cross
    Respondents,

v.

CANYON COUNTY, STATE OF IDAHO,
through its duly elected BOARD OF
COUNTY COMMISSIONERS and the
CANYON COUNTY TREASURER, and ex-
officio tax collector,

    Defendant-Respondent-Cross Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2011

2012 Opinion No. 8

Filed: January 6, 2012

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Stephen W. Drescher, District Judge.

District court order converting declaratory action into petition for judicial review, reversed.

Ismael Chavez, Caldwell, pro se appellant argued.

Bryan F. Taylor, Canyon County Prosecuting Attorney, Caldwell, for respondent. Carlton R. Ericson argued.

---

BURDICK, Justice

This case concerns Appellants Ismael Chavez and Dolores Mercado (collectively Chavez) and their appeal of the district court's granting of their petition for judicial review, claiming that the original complaint should not have been converted into a petition for judicial review. Chavez also appeals the district court's finding that the motion for contempt for Canyon County's untimely compliance with a district court order was moot. Canyon County cross-appeals the district court's decision that the flat fee included on the County's notice of pending issue of tax deed was in violation of I.C. § 63-1005(4)(d) requiring an itemized statement.

1

In resolving the appeal, we address issues concerning the conversion of Chavez's declaratory action into a petition for judicial review, the statutory requirements for a notice of pending issue of tax deeds, the discretion of the district court to impose sanctions for contempt, and attorney fees for pro se litigants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2009, Chavez filed a class action complaint seeking a declaratory judgment and damages. Chavez alleged Canyon County (County) had violated a requirement in Idaho Code section 63-1005(4)(d) for an itemized statement of all costs and fees in its notice prior to an issuance of treasurer's tax deeds on two parcels of land they owned. In its Notice of Pending Issue of Tax Deed (Notice) for two parcels owned jointly by Chavez and Mercado, Canyon County had charged a $500.00 flat fee for administration costs. Chavez responded pursuant to I.C. § 63-1006(2) by serving the County with an Answer and Objection to the Notices on October 8, 2009. The County's attorney then sent Chavez a letter detailing the adoption of County Resolution No. 09-169, which was claimed to allow the County to assess a flat fee for the issuance of notices for delinquent tax accounts. After Chavez attended a hearing on November 20, 2009, he received notice that tax deeds were issued on the two properties owned by Chavez.

Upon a motion for summary judgment, the district court filed an order on April 9, 2010, denying the motion and finding that Chavez had failed to follow the proper procedures as set forth in I.C. § 63-1006(4) and allowing Chavez fourteen days to file the required Petition for Judicial Review. Ten days later, the petition was filed. On June 3, 2010, Chavez filed a Motion to Augment the Record, which was granted on June 17, 2010, at an uncontested hearing that required the County to file the Affidavits of Compliance with the district court by June 29, 2010. After Chavez filed a Motion for Contempt on July 8, 2010, the County complied with the Order on July 13, 2010. On October 25, 2010, the district court filed its Order on Petition for Judicial Review. The district court ruled that the County's flat fee, authorized by a County resolution,[1]

---

[1] Resolution No. 09-169, A Resolution Authorizing an Increase in the Fee Charged to Collect Cost Incurred by Canyon County in the Process of Collecting Delinquent Property Taxes, cites Idaho Code sections 31-801, 63-1002, 63-1005, and 31-870(1) as authorization for a single level fee of $500.00 to be attached to delinquent properties for services provided by the County. The services covered by the fee are described in the Resolution as the extensive work done by the County Treasurer to:

> (1) identify all parties of interest in a piece of property, (2) locate valid mailing addresses, (3) locate and contact by telephone individuals, including neighbors, prior owners, current owners, etc., to obtain additional information that may not be recorded relating to the subject property, (4)

2

did not list the incurred charges as required by I.C. § 63-1005(4)(d), stating that "[b]y its fundamental meaning, 'itemized' does not allow a summary flat fee." To reach its conclusion, the district court considered the plain meaning of the words used in the statute, finding that a flat fee could not detail multiple costs and fees and that the plural words used in the statute, costs or fees, could not allow the use of a single flat fee. The district court also found persuasive a similar case from Montana that declared a tax deed notice null and void for failure to include a listing of costs.[2]

In addition to declaring the Notices null and void, the district court denied Chavez's request for costs under I.C. § 63-1006(5), and found moot the motion for contempt since the County had complied with the court's order.

A final judgment was filed on November 10, 2010, Chavez timely filed a notice of appeal on December 17, 2010, and Canyon County timely filed a notice of cross-appeal on January 7, 2011.

## II.    STANDARD OF REVIEW

Idaho Rule of Civil Procedure 84 governs judicial review of administrative and local governing bodies, but limits the scope of review for a petition for judicial review to that which is provided by statute. *Roberts v. Bd. of Trustees, Pocatello, Sch. Dist. No. 25*, 134 Idaho 890, 892-93, 11 P.3d 1108, 1110-11 (2000); I.R.C.P. 84(e)(2). Pursuant to Idaho Code section 63-1006(4) any person aggrieved by a county commissioners' decision to issue a tax deed can have the decision reviewed by the district court. I.C. § 63-1006(4). The district court confines its review to the record from the county and can only reverse or modify the commissioners' decision if substantial rights have been prejudiced. *Id.* Prejudice is found if the commissioners' findings, conclusions of law, or decisions are:

(a) Made upon unlawful procedure;
(b) Clearly erroneous in view of reliable, probative and substantial evidence on the whole record; or
(c) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

---

obtain history related to the property, (5) prepare required letters notifying recorded parties in interest of the pending action, (6) prepare a legal notice to be published in the newspaper advertising all delinquent accounts, (7) payment of the publication costs, (8) personally visit and post notice on the property, and (9) make personal contact with the property owners . . . .
[2] *Tax Lien Services v. Hall*, 919 P.2d 396, 400 (Mont. 1996).

3

*Id.* Upon appeal, the decision reached by the district court in its appellate capacity for such a review is examined by this Court to consider whether the district court correctly decided the issues presented to it on appeal. *Lake CDA Inv., LLC v. Idaho Dept. of Lands*, 149 Idaho 274, 278, 233 P.3d 721, 725 (2010).

## III.    ANALYSIS

### A. The district court erred by converting Appellants' complaint to a petition for judicial review.

Chavez argues that when the district court converted his complaint into a petition for judicial review, it failed to address his allegation that the County had acted in *ultra vires* and should pay damages or other declaratory relief for its unauthorized actions. We deal first with the issue of whether the district court had the authority to convert the declaratory action into a petition for judicial review and whether it had jurisdiction in the petition for judicial review. This Court finds that it had neither.

Title 63, Chapter 10, of the Idaho Code states the provisions for the collection of delinquencies for county property taxes. Section 63-1005 entitles a county to a tax deed when the delinquency has not been redeemed within three years. I.C. § 63-1005(1). The entitlement to a tax deed is conditioned on two requirements being met by the county:

(a) A notice of pending issue tax deed has been given; and
(b) An affidavit of compliance has been recorded.

I.C. § 63-1005(1)(a)-(b). The purpose of the statutory requirements is that a record is made to prove the county has given notice to the property owner. *See Kivett v. Owyhee Cnty.,* 58 Idaho 372, 377, 74 P.2d 87, 88 (1937) (commenting on earlier, yet similar statutory requirements). The required notice must contain "[a]n itemized statement detailing the delinquency and all costs and fees incident to the delinquency and notice up to and including the date of the making of such notice." I.C. § 63-1005(4)(d).[3] Before the tax deed may be recorded, a county must comply with these applicable statutes. *See Cluff v. Bonner Cnty.,* 126 Idaho 950, 953, 895 P.2d 551, 554 (1995). Finally, Idaho Code section 63-1006(4) provides for review by the district court for any person "aggrieved by a final decision of the county commissioners concerning the issuance of a tax deed."

---

[3] It would be appropriate for the Legislature to authorize by statute what is meant by "fees and costs" as there is neither definition nor guidance for county officials and citizens to follow.

In the present case, Chavez filed a complaint seeking a declaratory judgment and asserting that the County was acting *ultra vires* for failure to provide an itemized statement of all costs and fees in the notice of pending issue tax deed. Upon Chavez's motion for summary judgment, the district court issued an order recognizing that Chavez was alleging grievances related to the County's decision to issue a tax deed and denied the summary judgment. The district court also ordered that Chavez must follow the procedures listed in I.C. § 1006(4) and I.R.C.P. 84, and file a petition for judicial review if he wished to pursue the action further. Chavez complied with this Order and filed a petition for judicial review ten days later. Chavez now argues that the district court erred by forcing Chavez to convert the complaint to a petition for judicial review.

Pursuant to I.C. § 10-1202, a person may obtain a declaration of rights if the person's "rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise." Rule 57 of the Idaho Rules of Civil Procedure states in part that the "existence of another adequate remedy does not preclude a judgment for declaratory relief where it is appropriate." I.R.C.P. 57(a). In *Winther v. Village of Weippe,* we held that "although the allegations of the pleadings may indicate that an alternative statutory or common law action may lie, the trial court should not dismiss a declaratory judgment action on that ground alone." 91 Idaho 798, 801, 430 P.2d 689, 692 (1967).

In *Winther*, the appellant argued that the respondent could not proceed by way of a declaratory judgment action. *Id.* at 800, 430 P.2d at 691. Instead, it was argued that respondent was required to pursue an action under the procedural provisions in Title 23, Chapter 10 of the Idaho Code to contest the municipal's denial of respondents' beer license application. *Id.* at 800-01, 430 P.2d at 691-92. We found that although the statutory provisions for review by the district court were later, more specific legislation, they did not expressly or impliedly abrogate the general remedy provided for in the older Uniform Declaratory Judgment Act. *Id.* at 801, 430 P.2d at 692. Therefore, we held that the appellate remedies afforded by Title 23 were not exclusive and that the respondents "properly pursued the remedy provided by I.C. § 10-1202." *Id.*

However, in *Carter v. State, Department of Health & Welfare*, this Court stated that this rule presupposes that the declaratory judgment action is an appropriate remedy. 103 Idaho 701, 702, 652 P.2d 649, 650 (1982). The *Carter* Court cited to *V–1 Oil Co. v. County of Bannock*, 97

Idaho 807, 808, 554 P.2d 1304, 1305 (1976), noting that it had held "that the proper method of contesting an agency or judicial decision is by appeal, and that an order or judgment may not later be collaterally attacked by means of a declaratory judgment action." *Id.* In *V-1 Oil*, we found that the declaratory judgment action was inappropriate because the appellant had failed to timely appeal an act of the county commissioners and did not allow the collateral attack by way of declaratory judgment. 97 Idaho at 808, 554 P.2d at 1305. This Court held that "[a]ctions for declaratory judgment are not intended as a substitute for a statutory procedure and such administrative remedies must be exhausted," and distinguished this holding from that in *Security Abstract & Title Co. v. Leonardson*, 74 Idaho 528, 264 P.2d 1027 (1953). *V–1 Oil Co.,* 97 Idaho at 810, 554 P.2d at 1307. This Court explained why it had distinguished *Security Abstract* in *Crane Creek Country Club v. Idaho State Tax Commission,* 117 Idaho 585, 587, 790 P.2d 366, 368 (1990). We noted that the company seeking to enjoin the county assessor and sheriff in *Security Abstract* was doing so on the ground that the tax levied against the company was not applicable and the statutes under which the assessor and sheriff argued the company should have proceeded under dealt with valid taxes and exemption from taxes. *Id.* The declaratory judgment action was allowed because equity was an applicable manner to attack the assessment, for if it were true the assessor had no authority, the tax would have been void. *Id.*

In the present case, Chavez was not collaterally attacking the County's final decision to issue a tax deed;[4] Chavez was proceeding in equity claiming that the County had no authority to proceed to the issuance of the tax deed because it had charged a flat fee without the itemization of the administrative fees required in the statute. The district court converted Chavez's action into a petition for judicial review without considering Chavez's claim for a declaratory judgment. The district court ruled that Chavez "must follow the proper procedures as set forth in Idaho Code 63-1006(4)." The statutory language of I.C. § 63-1006(4) allowing review by the district court is not mandatory, and does not expressly or impliedly abrogate the Uniform Declaratory Judgment Act. The statute states that an aggrieved person is *entitled* to have a county commissioners' final decision "concerning the issuance of a tax deed" reviewed by the district

---

[4] Chavez filed his complaint within the thirty days required for a petition of judicial review to be filed under I.C. § 63-1006(4), so at the time of filing it was not a situation where Chavez had failed to timely file an appeal as authorized by the statute, as had been the case in *V-1 Oil*. *See also Ag Air, Inc. v. Idaho State Tax Comm'n,* 132 Idaho 345, 348, 972 P.2d 313, 316 (1999) ("A declaratory judgment action may not be used to avoid the consequences of failing to comply with statutory procedural requirements.") Chavez was not seeking a declaratory judgment action because he had failed to timely follow the statutory procedure requirements; the action was in lieu of his right to an appeal pursuant to I.C. § 63-1006(4).

6

court. I.C. § 63-1006(4). There is no language that directs that a person *must* petition for judicial review with the district court. Nor was Chavez using the declaratory judgment action as a substitute to an untimely appeal. Moreover, Chavez was not appealing the final decision to issue the tax deed; he was attacking the authority of the County to proceed beyond the notice. An action for a declaratory judgment was appropriate under these circumstances. Therefore, we find that it was inappropriate for the district court to convert Chavez's complaint to a petition for judicial review.

We further find that the district court did not have jurisdiction to address the petition for judicial review. Idaho Code section 63-1006(4) requires a petition for judicial review of final decisions regarding the issuance of tax deeds to be filed within thirty days of receipt of the County's final decision. Although Chavez's complaint had been filed within that time frame, the petition for judicial review was not filed in a timely manner. Chavez received notice of the County's final decision on December 3, 2009, filed a complaint on December 4, 2009, was ordered to convert the complaint on April 9, 2010, and filed the petition on April 19, 2009. At the time of the district court's order on April 9, 2010, ordering the conversion to a petition for judicial review, the time allowed by statute for the petition had already ran out. Although the district court gave Chavez fourteen days to file the petition for judicial review, it did not have jurisdiction to do so. "Filing of an appeal with the district court from a[] . . . governmental . . . board within the time allowed . . . by statute is jurisdictional. A court has no power to avoid a jurisdictional defect caused by a failure to file an appeal by extending the time for the filing." *Grand Canyon Dories, Inc. v. Idaho State Tax Comm'n*, 121 Idaho 515, 516, 826 P.2d 476, 477 (1992) (citation omitted). As the district court had no authority to extend the time for an appeal pursuant to I.C. § 63-1006(4), we find that the district court was without jurisdiction to rule on the petition for judicial review.

**B. The County violated Idaho Code section 63-1005(4)(d).**

The County argues on cross-appeal that the flat fee listed on the notice of pending issue tax deed, along with the fees listed for delinquency itself, statutory late charge, and statutory interest, represents an itemization of the fees and costs. We disagree.

Although the district court had no jurisdiction to rule on the petition for judicial review, it correctly ruled that the flat fee violates the statutory requirement for an itemized statement of taxes owed and fees incurred.

7

As previously indicated, I.C. § 63-1005(4)(d) requires an itemized statement of the delinquent taxes owed and all related costs and fees. The district court ruled that the County's inclusion of a flat fee of $500.00 in its notice of pending issue tax deed had violated I.C. § 63-1005(4)(d). After recognizing the County's resolution that authorized the flat fee, the district court turned to statutory construction rules regarding the plain, usual, and ordinary meaning of the words in a statute as quoted in *State, ex rel. Wasden v. Maybee,* 148 Idaho 520, 528, 224 P.3d 1109, 1117 (2010). Using these guidelines stated therein, the district court looked at the general definition of 'itemize' as contained in two dictionaries to find its common meaning and considered that meaning in light of the remaining language of the statute. Its conclusion was that the single flat fee could not detail the plural 'costs' or 'fees' and that the clear language of the statute required an item-by-item detailed list of costs or fees. The district court further noted that the county's flat fee, through incorporation by reference through its resolution, was not adequate to list the unique costs and fees incurred in each delinquency. To sum up its ruling, the district court stated: "By its fundamental meaning, 'itemized' does not allow a summary flat fee."

Beginning with the literal words in I.C. § 63-1005(4)(d), "an itemized statement detailing the delinquency and all costs and fees," and simply taking the statute as it is written leads to the result reached by the district court. *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003). The inclusion of a flat fee in the notice of pending issue of tax deed does not give an itemized and detailed list of costs and fees, including those authorized by I.C. § 63-1005(3) for the preparation, service, and publication of the notice and the tax deed process.[5] 'Costs' are the reimbursement for expenses incurred, whereas "[a] fee serves only the purpose of covering the cost of the particular service provided by the state to the individual." *Idaho Bldg. Contractors Ass'n v. City of Coeur d'Alene*, 126 Idaho 740, 744, 890 P.2d 326, 330 (1995). The statutory scheme here does not allow the two to be lump summed. The notices to Chavez do not describe any service provided to the delinquent, nor do they describe costs incurred for reimbursement. The County believes that the $500 flat fee, authorized by the existence of a county resolution that describes all possible work done to get to the tax deed stage and states that work typically costs in excess of $500, listed along with the delinquent taxes and interest on the notice meets the requirement of itemization. The statute requires itemization of all costs and fees pertaining to the

---

[5] "The record owner or owners and parties in interest of record shall be liable and pay to the county tax collector all costs and fees in the preparation, service and publication of such notice and the tax deed process and such costs shall become a perpetual lien upon the property in favor of the county tax collector." I.C. § 63-1005(3).

delinquency; this involves a detailing of all administration costs and fees for services pertaining to the delinquency listed on the notice. Because the record makes it obvious that the required notices did not include the required itemization of costs and fees, we declare the notices to be deficient and void.

**C. The district court correctly ruled on Chavez's motion for contempt.**

Chavez also argues on appeal that the County's failure to timely comply with the district court's order to file copies of the required Affidavits of Compliance should have been met with consequences and that the district court's ruling that Chavez's motion for contempt was moot was in error. We find that the district court exercised its discretion properly.

Idaho Rules of Civil Procedure Rule 75 governs contempt proceedings. A judge may order civil or criminal sanctions regardless of the nature of the underlying case. *See Camp v. East Fork Ditch Co.,* 137 Idaho 850, 862, 55 P.3d 304, 316 (2002). Civil sanctions are penalties that are conditional; they are designed to compel a party to do some act and are not punitive in nature, like sanctions for criminal contempt. *Id.* at 863, 55 P.3d at 317 (citing *Hicks v. Feiock,* 485 U.S. 624, 633 (1988)). "In order to impose a civil sanction, the court must find, by a preponderance of the evidence, that all of the elements of contempt have been proven and that the contemnor has the present ability to comply with the order violated, or with that portion of it required by the sanction." I.R.C.P. 75(j)(1). The failure to comply with a court order need not be intentional or willful to impose a civil contempt sanction. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). The trial court has discretion to determine what sanctions to impose for contempt. *State v. Stradley*, 127 Idaho 203, 208, 899 P.2d 416, 421 (1995).

Pursuant to Rule 75(c)(2), Chavez filed a motion and affidavit on June 18, 2010, asking the district court to hold the County in contempt for not complying with the district court's order directing the County to file copies of the required affidavits of compliance. On July 13, 2010, the County augmented the record with copies of the affidavits of compliance for each of the properties owned by Chavez. The district court ruled that the issue was moot. The district court had authority to impose sanctions for the inability to comply with the order timely, but chose not to once the County complied. This was within the court's discretion. *See Brownson v. Allen*, 134 Idaho 60, 65, 995 P.2d 830, 835 (2000) (holding that district court's determination "that a finding of contempt was not warranted under the[] circumstances" was not an abuse of

discretion). *See also State v. Buss,* 98 Idaho 173, 174, 560 P.2d 495, 496 (1977) ( ". . . whether a sanction should be imposed at all is discretionary with the trial court.").

### D. Whether Appellants are entitled to attorney fees on appeal.

Finally, Chavez argues on appeal that he is entitled to attorney fees on appeal pursuant to I.C. §§ 12-121 and 12-117(1). However, during oral argument, Chavez stated, "I'm not going to say I'm entitled to attorney fees, I'm not going to argue that." Regardless of the fact that Chavez may have waived this issue, we find that he is not entitled to attorney fees on appeal.

An award of attorney fees on appeal under I.C. § 12-121 is appropriate when an appeal is brought, pursued, or defended frivolously, unreasonably, or without foundation. *Crowley v. Critchfield,* 145 Idaho 509, 514, 181 P.3d 435, 440 (2007). In his appellate briefs, Chavez did not provide authority for this issue, nor did he argue how this appeal was defended frivolously, unreasonably, or without foundation by the County. Without such, it will not be considered on appeal. *Bagley v. Thomason*, 149 Idaho 799, 805, 241 P.3d 972, 978 (2010); I.A.R. 35(a)(6).

Attorney fees on appeal under I.C. § 12-117(1) are applicable in "any administrative proceeding or civil judicial proceeding involving as adverse parties a state agency or political subdivision and a person." We have previously held that I.C. § 12-117(1) does not permit attorney fees on petitions for judicial review, "as a petition for judicial review is neither an 'administrative proceeding' nor a 'civil judicial proceeding.'" *In re City of Shelley*, 151 Idaho 289, __, 255 P.3d 1175, 1181 (2011) (citing *Smith v. Washington Cnty. Idaho*, 150 Idaho 388, 390-92, 247 P.3d 615, 617-19 (2010)). Here, we have a civil judicial proceeding that was improperly converted by the district court into a petition for judicial review. Normally, this would affect the issue of 12-117(1) fees. However, in this case, the Court does not need to reach the merits of this issue because to the extent that Ismael Chavez represented himself, he is not entitled to attorney fees. An attorney acting as a pro se litigant is not entitled to an award of attorney fees on appeal. *Barbee v. WMA Sec., Inc.*, 143 Idaho 391, 397, 146 P.3d 657, 663 (2006); *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999). Chavez's request for attorney fees on appeal is denied.

### IV. CONCLUSION

We hold that the district court improperly converted Chavez's declaratory action into a petition for judicial review and was without jurisdiction to rule on the petition for judicial review. We declare the notices of pending issue of tax deed to be deficient and void. We also

find that the district court exercised its discretion properly when it declared Chavez's motion for contempt moot.  Chavez's request for attorney fees on appeal is denied.  Costs to Chavez.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**