478 P.2d 874

Clinton H. MILLER, Lorraine Miller, Rudolph C. Schulz, Sarah M. Schulz, Ernest Stillwell, G. G. Sanders, R. W. Schulz, Edward F. Backer, Individually and collectively under the firm name and style of Red Mountain Lode Mining Company, Plaintiffs-Appellants,

v.

Hubert MARTIN, Petitioner for letters of administration in the Estate of Robert L. Chandler, deceased, Defendant-Respondent.

No. 10409.

Supreme Court of Idaho.

Dec. 31, 1970.

Anderson, Kaufman, Anderson & Ringert, Boise, for plaintiffs-appellants.

Calvin Dworshak, Boise, for defendant-respondent.

SPEAR, Justice.

The appellants, under the firm name of Red Mountain Lode Mining Company, initiated an action to contest the will of Robert L. Chandler, who was indebted to them. From a judgment of the district court holding that the appellants as mere creditors lacked standing to contest the Chandler will under I.C. § 15–210, which allows "interested persons" and creditors to contest a will, this appeal was perfected.

Robert L. Chandler, a resident of Lovelock, Nevada, died in Boise, Idaho on February 12, 1967. At the time of his death, Chandler's estate included real and personal property in Nevada, and real property in Idaho consisting of an approximate 60 per cent ownership interest in certain mining claims in the Yellow Pine Mining District of Valley County.

The last will and testament of the decedent, which was executed by him on February 8, 1967, was offered for probate in Pershing County, Nevada, and was admitted to probate without contest. Shortly thereafter, the respondent, Hubert Martin, an attesting witness to the will and a legatee and devisee under the will, filed a petition for probate of the will and issuance of letters of administration with the will annexed in the probate court for Valley County, Idaho. Filed with the petition was a duly authenticated copy of the probate proceedings in the State of Nevada. The appellants filed a contest to the probate of the will, alleging an interest as creditors by virtue of a lease and option to purchase certain mining claims owned by the deceased, and by virtue of an alleged cause of action against the estate for actual or constructive eviction from the mining property and for damages to mining equipment owned by them. In the contest, they asserted that the purported will was not executed and witnessed according to the law of the State of Idaho since one of the attesting witnesses, Hubert Martin, was a devisee named in the will.

Respondent thereupon filed a general and special demurrer and motion to dismiss appellants' Second Amended Contest, and supporting briefs were filed by both parties.[1] After a hearing, the probate court found that appellants were creditors having substantial claims for damages and interested in the estate of the deceased in that the appellants' leasehold interest in said mining claims and the appellants' operation of the mining property would be affected by the administration of the decedent's estate and by the devolution of the decedent's interest in such mining claims. The court then concluded that appellants were entitled to contest the probate of the will, and that the will was invalid because one of the attesting witnesses was a devisee under the will.

---

1. Mention should be made that the demurrer as a form of pleading is no longer used. See I.R.C.P. 7(c) and I.C. § 16–404 (1969 Supp.)

Upon appeal to the district court, respondent filed his motion to dismiss the Second Amended Contest. Briefs were filed by both parties and the case was heard de novo. The court concluded that although the appellants were creditors of the estate, they were not "interested" creditors of the estate as required by I.C. § 15–210, and therefore had no standing to contest probate of the will. The court further held that the fact that a witness to the will is also a devisee would not automatically defeat the will, but would merely be a factor to be considered regarding the credibility of the witness' testimony. The court thereupon remanded the case to the probate court with directions to dismiss the appellants' contest and to admit the will to probate upon proper showing of all jurisdictional requirements. From that decision, appellants bring this appeal.

Appellants' specifications of error concern mainly the two points in contention in the lower courts: (1) Whether the appellants as creditors have standing to contest probate of the will; and (2) whether a will duly admitted to probate in another state is void in Idaho where one of the attesting witnesses is also a devisee.

■ The first question, concerning standing, is controlled by I.C. § 15–210, which states:

"Any person interested may appear and contest the will. Devisees, legatees, heirs or creditors of an estate may contest the will through their guardians, or attorneys appointed by themselves or by the court for that purpose; but a contest made by an attorney appointed by the court does not bar a contest after probate, by the party so represented, if commenced within the time provided in this chapter; nor does the nonappointment of an attorney by the court of itself invalidate the probate of a will."

The interest indicated in the first sentence of § 15–210 concerns the actual operation of the will and the devolution of the property of the estate. Ordinarily a contestant is interested when he shows he could take property under the decedent's will, or, by somehow defeating a will, take by intestate succession.

■ Creditors of an estate would seemingly, under most circumstances, not be affected by the mechanics of the distribution of property from the estate. Creditors have a prior claim on the estate's property and no will provisions can prevent creditors from having their debts paid first. Monroe v. Cooper, 235 Mass. 33, 126 N.E. 286 (1920); 2 Page on Wills, § 618 at p. 170.

An examination of the second sentence of § 15–210 shows that creditors of an estate are given a right to contest the probate of a will. This court cannot conceive of the occasion where a creditor would have an interest in the operation of the will. However, the statute is clear and must be applied to this case.[2]

■ An inherent duty of any court is to inquire into the underlying interest at stake in a legal proceeding. Doing so ensures the rational operation of the legal process. Therefore, in every lawsuit there must be what is called a justiciable interest cognizable in the courts as a precondition to any party maintaining a lawsuit. 67 C. J.S. Parties § 6a, p. 899 (1950). As pointed out above, it would seem as a general proposition that these creditor-appellants are not asserting the typical justiciable interest contemplated by § 15–210.

■ Indeed, this is borne out by the findings of the trial court. In his Memorandum Decision the district judge concluded that the interest asserted was really an interest in the administration of the estate. This conclusion by the district judge

2. The attention of the Legislature is respectfully called to the overly broad language in I.C. § 15–210 which has resulted in unnecessary confusion and misdirected litigation as evidenced by this case. This statute appears to be one similar to California's first probate code provision, now long since amended to remove the word "creditor."

is substantiated by the record and contestant's pleadings. Thus, the appellants seem not to have been interested in the will itself nor its operation but rather in the efficient management of the estate and full satisfaction of their claims. This view squares with the general rule that creditors do possess the type of interest necessary to object to the handling of the estate in the proceedings for administration. See 33 C. J.S. Executors and Administrators § 57b, p. 966 (1942).

An interest in the administration of an estate is not protected by contesting a will. If a creditor is to get satisfaction of his claim, he must rather promote the speedy administration of the estate. Thus, here, appellants pursued the wrong remedy under the statutes available.

■ Interests in the proper administration of an estate are protected under a separate group of statutes in the code (see I. C. §§ 15–301 et seq.), and thus appellants are not necessarily left without a remedy under the terms of this decision. Without offering an opinion as to the merits of appellants' possible objections or on their separate claims as creditors of the estate, creditors may ask for the suspension of the administrator per I.C. § 15–374 when there is evidence that the administrator is improperly discharging his duties by wasting the estate's properties. I.C. § 15–375 allows for revocation of letters of administration upon a hearing on the request for suspension. Furthermore, I.C. §§ 15–312 and 15–315 entitle a creditor to act as administrator under the proper circumstances. Because appellants do have proper remedies if they choose to pursue them and this present action does not appear to accomplish the purpose for which it was brought, we hold that the district judge committed no error in dismissing appellants' contest.

■ In his Memorandum Decision, the trial judge stated that the contestants argued the existence of another will by which they would be benefited in ways and means other than the manner of adminis-

tration of the estate. The court also found that no such will had been presented in evidence and there had been no factual evidence of the manner in which contestants would be benefited by virtue of the other will. Since there was no allegation of another will in appellants' Second Amended Contest, and no allegation that appellants would benefit by a will other than the one in contest, the issue was not properly raised in the district court, and this court will not entertain it, for the first time, on appeal. Robinson v. Spicer, 86 Idaho 138, 383 P.2d 844 (1963); Smith v. Shinn, 82 Idaho 141, 350 P.2d 348 (1960).

■ Appellants next contend that the trial court erred in placing upon the appellants the burden of proving their capacity and standing to contest the will, rather than placing upon respondent the burden of proving appellants' lack of capacity to contest. Appellants' contention is without merit. I.R.C.P. 9(a) provides in pertinent part:

"When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

In his motion to dismiss appellants' Second Amended Contest, respondent specifically alleged "that the said Contestants lack any interest under Section 15–210 of the Idaho Code entitling them or any of them individually or collectively to contest the probate of said will." Such allegation constituted a specific negative averment as required by I.R.C.P. 9(a), and respondent upheld his burden of supporting such averment by filing a brief in conjunction with his motion to dismiss, setting out argument and authority therein supporting his contention that appellants' allegations did not show that they were "interested persons" as required by I.C. § 15–210.

In view of the foregoing, we deem it unnecessary to comment on the appellants' remaining assignments of error.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., SHEPARD, J., and THOMAS and FELTON, District Judges, concur.