973 P.2d 142

Alden Dean BOWLES and Betty Joan
Bowles, Plaintiffs–Appellants,

v.

PRO INDIVISO, INC., an Idaho corp.,
Kent E. Carlson, Carolee Carlson, Alva
Harris and Evelyn Harris, Defendants to
certain real property described as fol-
lows: Beginning at a point North 591.8
feet from the West quarter corner of
Section 9, Township 3 North, Range 39,
East of the Boise Meridian, Bonneville
County, Idaho; and running thence East
367.8 feet; thence North 163.8 feet;
thence West 367.8 feet; thence South
163.8 feet, to the point of beginning, the
same being part of the Southwest quar-
ter of the North-west quarter of Section
9, Township 3 North, Range 39, East of
the Boise Meridian. Less road right of
way. Street address: 12324 N. 75th E.,
Idaho Falls, Idaho, Defendants–Respon-
dents.

No. 24243.

Supreme Court of Idaho,
Pocatello, October 1998 Term.

Feb. 3, 1999.

Alden Dean Bowles and Betty J. Bowles, Idaho Falls, appellants pro se.

Alva A. Harris, Shelley, for respondents.

SILAK, Justice.

Alden Dean and Betty Joan Bowles (the Bowles), and representatives of Mid–Mile Holding Trust brought an action against Pro Indiviso, Inc., to quiet title to certain real property. The district court granted judgment on the pleadings in favor of Pro Indiviso, and awarded costs, fees, and sanctions against the Bowles. The Bowles appeal.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

The Bowles owed money to the United States for taxes not paid in 1990 and 1991. In July 1993, the Bowles purportedly conveyed title to certain real property in Bonneville County to Mid–Mile Holding Trust (Mid–Mile). Later, in March 1994, the Internal Revenue Service (I.R.S.) filed a lien on that real property in order to recover the

money. The lien named Mid–Mile as nominee for the Bowles.

A tax sale was held in June, 1995 at which the I.R.S. sold the subject property at public auction. Pro Indiviso, an Idaho corporation, purchased the property and received a certificate of sale. After the period for redemption had passed, Pro Indiviso received a deed from the I.R.S. which it then recorded.

Later, Pro Indiviso filed an action for ejectment which the Bowles opposed. In that separate action, Mid–Mile was not served with the complaint, and so was dismissed from the suit. Partial summary judgment was granted in favor of Pro Indiviso. On appeal to this Court, the decision of the district court was affirmed. *Pro Indiviso, Inc., v. Mid Mile Holding Trust*, 131 Idaho 741, 963 P.2d 1178 (1998). In pertinent part, this Court held that the Bowles did not have standing to challenge the legitimacy of the tax sale on the basis that the I.R.S. did not follow its own regulations because they could not show individualized harm. Also, this Court held that the Bowles' lack of standing prevented them from challenging the validity of Pro Indiviso's deed.

Subsequently, the Bowles and representatives of Mid–Mile brought this action to quiet title to the subject real property. The Bowles maintain that they do not own, nor have legal title to the property but that they are merely interested parties. The Bowles have pursued this action pro se; likewise, the representatives of the trust were pro se plaintiffs.

As a result of many diverse motions the district court made several determinations. It prohibited Mark Miller, alleged trustee of Mid–Mile, from representing any natural person or entity in Idaho, including Mid–Mile. Additionally, it dismissed Mid–Mile's complaint without prejudice, to refile after the complaint is signed by an attorney licensed to practice law in Idaho courts. The district court also considered Pro Indiviso's summary judgment motion to be a motion for judgment on the pleadings, which it granted, thereby dismissing the Bowles' amended complaint with prejudice. Similarly, it granted the defendants Carlson's and Harris' motion for judgment on the pleadings, thereby dismissing the Bowles' amended complaint with prejudice as to all remaining defendants. It also granted a motion for Rule 11 sanctions against the Bowles and several motions for attorney fees and costs in favor of the defendants. Finally, the court denied the Bowles' motion for reconsideration and modification of the judgments, and awarded additional attorney fees against the Bowles.

**B. Procedural Background**

In January 1997, Mid–Mile, Eileen Hancock, as trustee for Mid–Mile, and the Bowles filed a complaint seeking to quiet title to the subject property. In June 1997, pursuant to court order, the Bowles filed an amended complaint against Pro Indiviso, the Carlsons, and the Harrises. The Bowles alleged that in July of 1993, by deed recorded in Bonneville County, Mid–Mile Holding Trust became the owner of the subject property in fee simple. However, despite the order of the district court that a copy of the trust agreement be filed with the district court within ten days, the plaintiffs failed to present any admissible evidence to the district court that supported the existence of Mid–Mile Holding Trust as a lawfully created trust in Idaho. The defendants properly filed answers to the Bowles' complaints. The amended complaint stated two causes of action: quiet title, and deprivation of due process of law.

On July 2, 1997, defendant Pro Indiviso filed a motion for summary judgment and sanctions. On July 7, 1997, the other defendants filed a motion for judgment on the pleadings. On July 25, 1997, the Bowles filed a memorandum opposing the motion for summary judgment and motions seeking attorney fees.

After hearing argument on the pending motions, the district court granted the motion for judgment on the pleadings as to all defendants. In its corresponding Memorandum Decision and Order, dated August 14, 1997, the district court awarded attorney fees against the Bowles in the amount of $450.00. Additionally, the court awarded $1800.00 in attorney fees against Mid–Mile Holding Trust, and trustees Mark Miller and Eileen Hancock. Costs were also awarded against

all plaintiffs. On August 29, 1997, the individual defendants filed a motion for additional attorney fees and costs.

On September 2, 1997, the Bowles filed a motion for reconsideration and for modification of the court's August 25, 1997 judgment issued pursuant to its Memorandum Decision and Order of August 14, 1997. At the September 15, 1997 hearing on the pending motions, the Bowles submitted a "verified judicial notice" objecting to the payment of all attorney fees. The district court issued another Memorandum Decision and Order on September 30, 1997, in which it denied the Bowles' motion for reconsideration and modification, and awarded additional attorney fees against the Bowles in the amount of $1,392.00.

The Bowles timely appealed to this Court. However, neither the trust nor any of the representatives of the trust appealed any order or judgment of the district court. The Bowles do not appeal any specific judgment or order, but instead appeal "all final judgments, adverse orders, rulings, memoranda or determinations entered" by the district court.

## II.

### ISSUES ON APPEAL

The appellants Bowles presented more than fifteen issues on appeal; yet, the respondent Pro Indiviso maintains that there are no issues on appeal. Due to the number and nature of the issues presented to the Court, they are generally summarized as follows:

1. Whether the district court erred in granting judgment on the pleadings in favor of Pro Indiviso;

2. Whether the district court erred in ordering the Bowles to pay attorney fees, costs, and sanctions; and

3. Whether Pro Indiviso is entitled to attorney fees on appeal.

## III.

### STANDARD OF REVIEW

#### A. Judgment On The Pleadings.

■ The standard of review applicable to a summary judgment also applies to a judgment on the pleadings. *See Trimble v. Engelking,* 130 Idaho 300, 302, 939 P.2d 1379, 1381 (1997). The standard by which this Court reviews a summary judgment is the same as the standard used by the lower court in ruling on a motion for summary judgment. *See State v. Rubbermaid Inc.,* 129 Idaho 353, 355–56, 924 P.2d 615, 617–18 (1996). Upon review, all disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *See id.* at 356, 924 P.2d at 618. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Harris v. State, Dep't of Health & Welfare,* 123 Idaho 295, 297, 847 P.2d 1156, 1158 (1992).

#### B. Attorney Fees, Costs And Sanctions.

■ An award of attorney fees pursuant to section 12–121 of the Idaho Code is discretionary and is subject to review and vacation only upon a showing of an abuse of discretion. *See Zaleha v. Rosholt, Robertson & Tucker, Chtd.,* 131 Idaho 254, 257, 953 P.2d 1363, 1366 (1998); *Savage Lateral Ditch Water Users Ass'n v. Pulley,* 125 Idaho 237, 250, 869 P.2d 554, 567 (1993).

■ Also, this Court applies the abuse of discretion standard to review issues of costs under I.R.C.P. 54(d)(1). *See Vaught v. Dairyland Ins. Co.,* 98.6 ISCR 196, 197, 131 Idaho 357, 360, 956 P.2d 674, 677; *Adams v. Krueger,* 124 Idaho 74, 77, 856 P.2d 864, 867 (1993). In addition, in reviewing the award of sanctions pursuant to Rule 11(a)(1) of the Idaho Rules of Civil Procedure, this Court uses an abuse of discretion standard. *See Sun Valley Shopping Ctr. v. Idaho Power,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## IV.

### ANALYSIS

#### A. The District Court Correctly Granted Judgment On The Pleadings In Favor Of Pro Indiviso.

The district court granted judgment on the pleadings in favor of Pro Indiviso, thereby

dismissing the Bowles' complaint. That court concluded in its August 14, 1997 memorandum Decision and Order "as a matter of law that both the quiet title claim and the second claim for 'taking of [the Trust's] property without due process of law' cannot be prosecuted by the Bowles, who allege no interest in the property." Due to the nature of the argument presented by the Bowles, it is difficult to determine upon what grounds the decision of the district court is challenged. Presumably, the Bowles challenge the district court's determination that they do not have standing.

■ "An inherent duty of any court is to inquire into the underlying interest at stake in a legal proceeding." *Miller v. Martin*, 93 Idaho 924, 926, 478 P.2d 874, 876 (1970). In every lawsuit there must be a justiciable interest cognizable in the courts as a precondition to any party maintaining a lawsuit. *See id.* "Standing is that aspect of justiciability focusing on the party seeking a forum rather than on the issues he wants adjudicated." *Bentel v. County of Bannock*, 104 Idaho 130, 135, 656 P.2d 1383, 1388 (1983) (quoting *Life of the Land v. Land Use Commission of the State of Hawaii*, 63 Haw. 166, 623 P.2d 431, 438 (Haw.1981)). Stated more precisely, "[t]he doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989).

■ In order to fulfill the standing requirement, the plaintiff must " 'allege such a personal stake in the outcome of the controversy' as to warrant *his* invocation of the court's jurisdiction." *Bentel*, 104 Idaho at 135–36, 656 P.2d at 1388–89 (quoting *Life of the Land*, 623 P.2d at 438) (emphasis in original). The party seeking to invoke the court's jurisdiction must allege such a personal stake in the outcome of the controversy as to assure the concrete adversariness which sharpens the presentation upon which the court so depends. *See Miles*, 116 Idaho at 641, 778 P.2d at 763 (quoting *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978)). This "personal stake" requirement demands that the plaintiff allege a distinct palpable injury to himself. *See id.* The Bowles did not do so; instead, they alleged that they were "merely interested parties" in the controversy.

Further, to satisfy the requirement of standing, the Bowles must have alleged or demonstrated an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *See Miles v. Idaho Power Co.*, 116 Idaho at 641, 778 P.2d at 763. However, the Bowles have not alleged or demonstrated such an injury; nor have they demonstrated a substantial likelihood that the judicial relief requested would prevent or redress the injury. Thus, the district court correctly granted judgment on the pleadings, thereby dismissing the Bowles' complaint due to their lack of standing.

The Bowles also claim that the district court erred by failing to address their second cause of action, "taking of property without due process of law." However, this Court has "repeatedly stated that [it] will not address constitutional questions not necessary to the resolution of the cause." *V–1 Oil Co. v. State Tax Comm'n*, 112 Idaho 508, 510, 733 P.2d 729, 731 (1987). Since the cause can be resolved based on the Bowles' lack of standing, neither the district court nor this Court is required to address the Bowles' second cause of action. Therefore, we affirm the district court's order granting judgment on the pleadings in favor of Pro Indiviso.

**B. The District Court Did Not Err In Ordering The Bowles To Pay Attorney Fees, Costs, And Sanctions.**

■ The district court awarded costs, attorney fees, and sanctions against the Bowles in two separate Memorandum Decision and Order decrees. Review of those decrees, in light of the applicable standard of review, demonstrates that the district court did not abuse its discretion. "In reviewing an exercise of discretion, this Court must consider " '(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) wheth-

er the trial court reached its decision by an exercise of reason.'" *Zaleha*, 131 Idaho at 257, 953 P.2d at 1366 (quoting *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991))."

It is evident from review of the Memorandum Decision and Order decrees that the district court perceived the issue of whether to grant attorney fees, costs, and sanctions as one of discretion, and that the district court acted within the limits of its discretion and consistently with applicable legal standards. Also, the logical and cogent nature of the district court's analysis of the related issues and arguments before it demonstrates that it reached its decision by an exercise of reason. We conclude that the district court did not abuse its discretion. Therefore, we affirm the district court's orders requiring the Bowles to pay attorney fees, costs, and sanctions.

**C. This Court Must Decline To Address Several Issues Raised By Bowles.**

The Bowles present several issues on appeal that this Court must decline to address. First, the Bowles ask the Court to decide whether the district court erroneously denied their motion for summary judgment. However, an order denying a motion for summary judgment is not a final order and a direct appeal cannot be taken from it. Moreover, an order denying a motion for summary judgment is not reviewable on appeal from a final judgment. *See Watson v. Idaho Falls Consol. Hospitals*, 111 Idaho 44, 46, 720 P.2d 632, 634 (1986); *Evans v. Jensen*, 103 Idaho 937, 941, 655 P.2d 454, 458 (Ct.App.1982). Therefore, the Court will not review the district court's order denying the Bowles' motion for summary judgment.

Second, the Bowles ask this Court to decide whether the deed from the I.R.S. conveyed title to the subject property to Pro Indiviso. In an earlier decision involving the same parties and closely related issues, this Court stated: "[s]ince [the Bowles] claim not to have any ownership interest in the property, they cannot show any individualized injury.... Since [the Bowles] have no interest in the property, they ... have no standing to challenge sale [of the subject property]....

Since [the Bowles] claim no ownership interest, they have no standing to challenge the validity of Pro Indiviso's deed." *Pro Indiviso, Inc. v. Mid Mile Holding Trust*, 131 Idaho 741, 746, 963 P.2d 1178, 1183 (1998). Likewise, in this case, the Bowles lack standing to challenge the validity of the deed from the I.R.S. conveying title to Pro Indiviso. Thus, the Court will not address the merits of the issue whether the deed from the I.R.S. conveyed title to Pro Indiviso.

Third, the Bowles present this Court with the issue "[a]re the attorneys for [the Defendant] part of an elaborate scheme with the I.R.S., that violates both the State Racketeering Act, ... and the Federal R.I.C.O. Act, and is the Court's participation in that taking of property part of that scheme?" However, the Bowles completely failed to support the issue with argument or authority. It is well settled that "[w]hen issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Furthermore, the failure to support allegations of error with argument and authority is deemed a waiver of the issue. *In re Estate of Logan*, 120 Idaho 226, 231, 815 P.2d 35, 40 (Ct.App.1991). Hence, we will not address this issue.

Fourth, The Bowles ask this Court to decide whether a trust must be represented by a licensed attorney in the State of Idaho. The district court dismissed the complaint of the trust without prejudice to refile after being signed by an attorney licensed to practice law in the Idaho courts. However, neither the trust nor any of the representatives of the trust appeal any order or judgment of the district court. Significantly, the Bowles do not claim to represent the trust in any capacity, nor do they directly argue that they may raise the issue because they are beneficiaries of the trust. This issue is properly raised by the representatives of the trust, not the Bowles. Thus, because the Bowles lack standing to properly present this issue, its merits are not addressed.

Finally, the Bowles seem to argue that the district court erred by dismissing the trust because it was a necessary party to the quiet title action. However, this argument fails because the Bowles have no rights or interests that could be violated even if the trust were a necessary party. The district court dismissed the trust without prejudice and never quieted title in any party. Pro Indiviso did not make a claim for affirmative relief praying for title to be quieted in its favor. Therefore, we will not address the issue of whether the trust, if it even existed,[1] was a necessary party to the action.

## V.

### ATTORNEY FEES ON APPEAL

The respondents have requested attorney fees pursuant to I.C. § 12–121 and I.A.R. 41. An award of attorney fees is appropriate "if the law is well-settled and the appellants have made 'no substantial showing that the district court misapplied the law.'" *Keller v. Rogstad,* 112 Idaho 484, 489, 733 P.2d 705, 710 (1987) (quoting *Davis v. Gage,* 109 Idaho 1029, 1031, 712 P.2d 730, 732 (Ct. App.1985)). In this case the Bowles have presented arguments that are largely incomprehensible, unreasonable, and lacking foundation in law. There has been no showing that the district court misapplied the law. Hence, we conclude that it is proper to award attorney fees in favor of the respondents Pro Indiviso, Kent and Carolee Carlson, and Evelyn Harris. However, Alva Harris is the attorney of record on appeal for all respondents, including himself. Therefore, to the extent that Alva Harris has represented himself on appeal, an award of attorney fees is inappropriate. *See Swanson & Setzke, Chtd. v. Henning,* 116 Idaho 199, 203, 774 P.2d 909, 913 (Ct.App.1989) (holding that the general rule against fee awards to pro se litigants is applicable to lawyers *pro se*).

The respondents have also requested the imposition of sanctions under Rule 11.1 I.A.R. on appeal. The pertinent part of Rule 11.1 states that, "[t]he signature of a[] ... party constitutes a certificate that ... to the best of the signer's knowledge, informa-

tion and belief after reasonable inquiry [the suit] is well grounded in fact and is warranted by existing law ... and that [the suit] is not interposed for any improper purpose...." I.A.R. 11.1. There is not sufficient indication in the record that appeal was interposed for an improper purpose. Consequently, sanctions will not be imposed on appeal.

## VI.

### CONCLUSION

For the foregoing reasons, the order of the district court granting judgment on the pleadings is affirmed. In addition, the order of the district court awarding costs, fees, and sanctions against the Bowles is affirmed. Attorney fees are awarded to respondents, except respondent Alva Harris. Costs are awarded to the respondents.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, and Justice Pro Tem JOHNSON, CONCUR.

---

1. Despite court order, there was never any evidence submitted supporting the existence of the trust as a legal entity.