**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36283**

| | |
|---|---|
| BEAR LAKE WEST HOMEOWNERS ASSOCIATION, <br><br> Plaintiff-Respondent, <br><br> v. <br><br> RALPH EDWARD HEITMAN aka RALPH-EDWARD HEITMAN, an individual, <br><br> Defendant-Appellant, <br><br> and <br><br> VINCENT P. DORSETT, an individual, BRIAN D. NICHOLAS, an individual, THOMAS A. GRIFFIN, an individual, BUILDERS INCORPORATED, a defunct Idaho corporation, DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE, a Federal agency, and IDAHO STATE TAX COMMISSION, an Idaho agency, <br><br> Defendants. | 2010 Unpublished Opinion No. 579 <br><br> Filed: August 5, 2010 <br><br> Stephen W. Kenyon, Clerk <br><br> THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. David C. Nye, District Judge.

Judgment for plaintiffs, <u>affirmed</u>.

Ralph E. Heitman, Garden City, Utah, pro se appellant.

Scott J. Smith of Racine Olson Nye Budge & Bailey, Chartered, Pocatello, for respondent.

_____

LANSING, Chief Judge

Ralph Edward Heitman appeals from the district court's judgment entered following the grant of summary judgment in favor of Bear Lake West Homeowners Association (HOA). He

1

also challenges the denial of his motion to dismiss and the award of attorney fees and costs to the HOA. We affirm.

In 2004, the HOA filed a complaint against Heitman to recover costs incurred in repairing damage, caused by Heitman, to a water pipe. Thereafter, Heitman recorded documents purporting to transfer ownership of his real property. The HOA obtained a judgment against Heitman in 2006 for the cost of the damage and attorney fees.

In 2008, the HOA filed the present lawsuit asserting that Heitman's recorded documents were fraudulent transfers designed to prevent the HOA from executing against the real property. The HOA sought to have the transfers set aside. The HOA moved for summary judgment, and Heitman moved to dismiss the lawsuit on the basis that the HOA's judgment against Heitman was obtained by fraud and was therefore invalid. The district court granted summary judgment and denied Heitman's motion to dismiss. It also granted the HOA attorney fees and costs. Heitman now appeals.

This Court will not address Heitman's contentions on appeal because he has articulated no recognizable legal issues nor any coherent legal arguments for the Court's consideration. We note first that Heitman's appellant's brief does not comply with rules of appellate procedure requiring that the brief of an appellant include a list of the issues presented on appeal, Idaho Appellate Rule 35(4); that the brief include citations to authorities, I.A.R. 35(6); and that the brief cite to parts of the transcript and record relied upon, I.A.R. 35(6). Heitman's brief contains no statement of issues that the Court is being asked to address and no citations to the clerk's record or the court reporter's transcript identifying the particular documents or evidence that Heitman relies upon. The brief cites constitutional provisions, but little or no case law demonstrating that those provisions have some bearing in this case. Noncompliance with technical requirements of the appellate rules might not be deemed fatal to an appeal if the brief otherwise provided cogent argument from which the Court could discern the issues raised and recognizable legal arguments on the merits of those issues, but Heitman's briefing lacks these redeeming qualities. A party waives an issues on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Though Heitman uses some recognizable legal terms and phrases, he does not do so in a context that presents a coherent argument of law. His brief makes such bold but unsupported and plainly erroneous assertions of law as the following:

2

> ALL COMPETENT JURIST KNOW THAT IT IS IMPOSSIBLE TO PAY A DEBT. YOU CAN ONLY DISCHARGE or SET-OFF A DEBT WITH A NEGOTIABLE INSTRUMENT, such as a Bond, Bill of Exchange, or a promissory Note; **there is NO MONEY**. There is only the faith and credit of the People of the UNITED STATES.

As another example, Heitman's brief contends, "All competent Jurists Know that a Corporation or an Attorney cannot STATE A CLAIM." Further, many of Heitman's complaints or contentions in this appeal appear to relate not to the present lawsuit but to the prior case in which the HOA obtained judgment against Heitman in 2006, a judgment that became final when Heitman did not prosecute an appeal.

Because Heitman fails to articulate a cognizable legal issue or argument or present applicable authority on appeal, he has waived any issues he intended to present and we affirm the district court's judgment, including the award of attorney fees to the HOA.

The HOA requests an award of attorney fees on appeal pursuant to I.C. § 12-121 and I.R.C.P. 54(e)(1). Attorney fees may be awarded pursuant to this statute and rule when an appeal has been brought frivolously, unreasonably, or without foundation. *Kirkman v. Stoker*, 134 Idaho 541, 546, 6 P.3d 397, 402 (2000); *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999). Heitman pursued this case unreasonably and without foundation as evidenced by his failure to present a coherent argument or relevant legal authority. Therefore, we award attorney fees on appeal to the HOA.

The judgment of the district court is affirmed. Costs and attorney fees to respondent.

Judge GRATTON and Judge MELANSON **CONCUR.**