# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44075

CROSSROADS NEIGHBORHOOD
ASSOCIATION, INC.,

     Plaintiff-Respondent,

v.

RICK A. ERICKSON,

     Defendant-Appellant.

 

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2017 Opinion No. 18-S2

Filed: June 27, 2017

Karel A. Lehrman, Clerk

SUBSTITUTE OPINION
THE COURT'S PRIOR OPINION
DATED APRIL 13, 2017, IS
HEREBY WITHDRAWN

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge; Hon. Patricia Young, Magistrate.

Order of the district court dismissing intermediate appeal, <u>vacated</u> and <u>case remanded</u>.

Rick A. Erickson, Meridian, pro se appellant.

Vial Fotheringham LLP; Brindee Collins, Boise for respondent.

_____

GUTIERREZ, Judge

Rick A. Erickson appeals from the district court's order of dismissal of Erickson's intermediate appeal from the magistrate. Erickson argues the district court erred in several respects, including denying Erickson thirty-five days to file his appellant's brief and not settling the transcripts. Erickson requests attorney fees and costs on appeal to this Court. Crossroads requests attorney fees and costs on appeal to this Court and on appeal from the magistrate. For the reasons explained below, we vacate the district court's dismissal and remand.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2013, Crossroads Neighborhood Association, Inc. (hereinafter "Crossroads") filed a complaint against Erickson to enforce compliance with Crossroads' protective covenants and to address a number of alleged violations on Erickson's property. Erickson failed to respond with an answer to the complaint and instead filed several motions, including some presented as "Special Appearance." Ultimately, the magistrate entered default judgment against Erickson in July 2014. Erickson soon after filed several additional motions with the magistrate, including a motion to set aside the default judgment. Erickson also filed an appeal with the district court in September 2014.

That same month, the district court issued an order setting forth the procedure and timelines for the appeal and requiring Erickson to order and pay for the cost of the transcripts within fourteen days of the filing of the notice of appeal. After Erickson failed to pay the transcript fee, the district court entered a conditional order dismissing appeal, giving Erickson an additional fourteen days to pay the fee. Erickson paid the fee on October 9, as evidenced by a notice of payment filed October 9, but the district court, apparently unaware the fee had been paid, dismissed the appeal on October 15. After Erickson filed a motion on October 24 to vacate the dismissal, the district court corrected its error and reinstated the appeal on October 30, 2014. The district court then updated the briefing schedule in an amended order on October 30, 2014, which provided that Erickson had thirty-five days to file his appellant's brief after the filing of the transcripts.

The district court determined that Erickson's motion to set aside the default judgment had not yet been resolved by the magistrate. Accordingly, the district court stayed the appeal, pending a decision on Erickson's motion, and remanded the case. The magistrate denied the motion to set aside the default judgment. The district court thereafter dismissed the appeal based on the magistrate's ruling.

Erickson filed a petition for rehearing, which the district court granted. During the hearing on November 19, 2015, the district court stated, "I'm dissolving the stay . . . we need to resolve this quickly, and we can best do that by reinstating the appeal, having a briefing schedule. . . . Any stays are dissolved, the appeal is reinstated, and we'll issue an order setting forth a briefing time." The district court clarified the issue on appeal was whether the magistrate

appropriately granted the default judgment. The district court asked Crossroads to prepare an order reinstating the appeal.

On November 20, 2015, the district court entered another amended order governing procedure on appeal, requiring Erickson to file his appellant's brief by December 24, 2015. The district court noted in that order, "it appear[s] that a transcript of all the testimony of the original trial or hearing has been provided by appellant." However, a review of the record indicates the transcripts were never produced. Erickson filed a request for the transcripts on November 24, 2015, but the record does not indicate the district court resolved this request.

On December 21, 2015, the district court issued a written order lifting the stay and reinstating the appeal. Erickson failed to file his brief by December 24, 2015, so Crossroads filed a motion to dismiss the appeal. Notably, Crossroads did not provide authority to support its motion to dismiss. The district court subsequently dismissed the appeal with prejudice on January 8, 2016. Erickson filed a petition for rehearing, which the district court denied. Erickson appeals from the district court's order dismissing the intermediate appeal.

## II.

## ANALYSIS

As a threshold issue, Erickson argues Crossroads lacks standing. However, Erickson does not support his argument with authority and instead offers the mere conclusion that "the plaintiff lacks standing to bring this case in the first place." When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). We accordingly decline to further address this argument.

Turning to the merits, Erickson argues the district court erred in denying him thirty-five days to file his appellant's brief. We agree and conclude the district court acted improperly by dismissing the appeal on the basis of Erickson's failure to timely file an appellant's brief. The briefing schedule entered on November 20, 2015, was invalid and unenforceable because the district court had not yet signed and filed an order reinstating the appeal. "Once the proceedings are stayed by appeal, the district court ordinarily is divested of jurisdiction to act in any manner (with relation to the rights and liabilities of an appellant) except to act in aid of and not inconsistent with the appeal." *Coeur d'Alene Turf Club, Inc. v. Cogswell*, 93 Idaho 324, 329, 461 P.2d 107, 112 (1969). While the district court attempted to verbally reinstate the appeal

3

during the November 19 hearing, it also directed counsel to prepare a written order reinstating the appeal: "Will you [prepare] an order to this effect?" Counsel for Crossroads responded, "Yes, I will." The district court's order reinstating the appeal was signed and filed on December 21, 2015, which would require a new briefing schedule to be set.[1] Pursuant to Idaho Rule of Civil Procedure 83(o) and Idaho Appellate Rule 34(c), Erickson was entitled to thirty-five days to file his brief. We therefore remand to the district court to reset the briefing schedule so that Erickson may have the opportunity to file an appellant's brief within the thirty-five-day time period.

Erickson further contends the district court erred in failing to address the procedures and time periods for lodging and settling the transcripts. The record confirms Erickson paid a transcript fee, but there is no indication the transcripts were produced. Thus, we remand to the district court with instructions to order the production of and settle the transcripts of testimony before the magistrate.

Because Crossroads did not prevail on appeal, we deny attorney fees and costs to Crossroads. Moreover, we deny attorney fees to Erickson because pro se litigants are not entitled to attorney fees. *See Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009) (denying attorney fees to a pro se litigant because "this Court has long held that pro se litigants are not entitled to attorney fees"). Erickson cites to *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999) in support of his argument that he is entitled to attorney fees. However, the Court in *Bowles* held that because one of the respondents "is the attorney of record on appeal for all respondents, including himself . . . an award of attorney fees is inappropriate" to the extent that the respondent "has represented himself on appeal." *Id.* at 377, 973 P.2d at 148. Here, also, Erickson represented himself. While Erickson may have paid an attorney for legal advice, an attorney never filed a notice of appearance on Erickson's behalf or represented Erickson. Accordingly, Erickson is a pro se litigant.

Erickson also requests costs on appeal. Because Erickson is the prevailing party on appeal, we award costs pursuant to Idaho Appellate Rule 40.

---

[1] *See, e.g.*, Idaho Rule of Civil Procedure 58: "[T]he placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment, and the judgment is not effective before such entry."

**III.**

**CONCLUSION**

The district court erred in dismissing Erickson's appeal because the briefing schedule was invalid and unenforceable. We vacate the district court's order dismissing the intermediate appeal and remand for further proceedings. Costs to Erickson on appeal.

Judge MELANSON and Judge HUSKEY **CONCUR**.